THE CITY OF ST. LOUIS v. THE ST. LOUIS & NEW ORLEANS TRANSPORTATION COMPANY, *Appellant.*

1. **City Ordinance : WHARFAGE.** An ordinance of the city of St. Louis exacted of boats landing at its wharf the payment of wharfage as follows : Three cents for each ton of said boat's burden, by custom house measurement, if said boat was owned by residents of St. Louis and had been returned and assessed for taxation within the city during the year commencing on the first day of August immediately preceding the day of landing, and five cents for each ton of said boat's burden by said measurement if it had not been returned and assessed for taxation within the city during the year already mentioned. *Held,* that a boat was liable under the ordinance to the rate of five cents per ton, although it was the first time it had landed, and was newly constructed, and was one which it was therefore impossible for the owner to have had returned and assessed on the preceding first day of August.

2. —— : ——. The ordinance did not impose the higher rate as a penalty for failure to have the boat returned and assessed, but only made a classification of boats for wharfage tax.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Given Campbell* and *O'Neill Ryan* for appellant.

(1) The barge was not owned, or under charge or management of defendant, in fact was not in existence

on August 1st, 1880, it having been built or brought to St. Louis about May, 1881, and hence defendant could not have made the sworn return and have had it assessed as required by the city ordinance. (2) The facts of this case do not bring defendant within the provisions of the ordinance requiring payment of five cents per ton, and the doubling of that amount as a penalty for its non-payment. This is a reasonable construction of the ordinance, and the court must judge in such case whether the exercise of the powers of ordinance is reasonable. *City v. Weber*, 44 Mo. 550 ; *Com. v. Worcesler*, 3 Pick. 462 ; Dillon on Mun. Corp., p. 373. (3) The courts will construe an ordinance with reference to the subject matter, its object, mischief to be remedied, etc. *Spitler v. Young,* 63 Mo. 42 ; *Neenan v. Smith,* 50 Mo. 528.

*Leverett Bell* for respondent.

The ordinance is not open to any legal objection. It conforms to the grant of power contained in section 6906 of the General Statutes. 2 R. S., p. 1360. The provisions of the city charter, authorizing the collection of wharfage (2 R. S., p. 1585), and the ordinance provisions on the subject, were before the Supreme Court of the United States in *Packet Company v. St. Louis,* 100 U. S. 423, and were held to be valid. It is claimed by the appellant that the barge was built subsequent to August 1, 1880, and for this reason it was not returned for taxation for the year commencing on that day. If so, no taxes were assessed or paid on the property for said year, and no injustice is worked to the owner by exacting wharfage at the rate of five cents per ton. The ordinance is clear on the point that the rate of three cents per ton is to be applied to such boats only as have been returned for taxation in St. Louis, for the year commencing on the first day of August, immediately preceding the day of the landing of the boat.

DE ARMOND, C.—This is a proceeding in the nature of

a civil action, begun in a St. Louis police court for the recovery of $50.90, for the violation of an ordinance of the city concerning wharfage. The portions of the ordinance necessary to an understanding of the issue are these :

"SEC. 2. The following wharfage dues shall be collected from each and every boat of whatever kind or description, except such as are hereinafter exempt from paying wharfage, or for which a special rate of wharfage is hereinafter provided, for each and every time the same shall come within the harbor of the city and land at any public wharf or landing, or be made fast thereto or to anything thereto fastened, or shall bring a tow into the harbor, or shall receive or discharge any freight or passengers in this city, to-wit : Three cents for each ton of said boat's burden, by custom house measurement, if said boat is owned by residents of St. Louis, and has been returned and assessed for taxation within the city of St. Louis during the year commencing on the first day of August, immediately preceding the day of the landing of said boat, and five cents for each ton of said boat's burden, by custom house measurement, if said boat has not been returned and assessed for taxation within the city of St. Louis during the year above described."

"SEC. 19. Every owner or person in charge of any boat, firewood, lumber, timber, logs, or other articles on which wharfage or license is due, who shall, after demand has been made, fail or refuse to pay the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum double the amount of wharfage or license so due and owing. The payment of said fines and costs shall operate as a discharge in full of said demands."

The cause was tried in the police court where plaintiff had judgment for $50.90 ; defendant appealed to the St. Louis court of criminal correction, where the judgment was for $15.27; from which plaintiff appealed to the St. Louis court of appeals, and there recovered $50.90 ;

and from that judgment defendant has appealed to this court. The evidence is that defendant on May 12, 1881, caused to be landed at the port of St. Louis, a newly constructed barge of five hundred and nine tons burden, and then touching at that wharf for the first time. The harbor-master demanded on May 16, 1881, payment of wharfage at the rate of five cents per ton, instead of three cents per ton because the barge had not been returned and assessed for the year commencing August 1, 1880. This rate of five cents per ton the company, by its president, refused to pay, because of the impossibility, as he stated, of having the barge assessed at that time for said year, and said that he would have had it assessed could he have done so. At the same time he offered to pay the deputy collector wharfage at the rate of three cents per ton, which offer was refused. The company at the same time paid all three cent bills. The barge had not landed at the wharf of Saint Louis before, and this wharfage charged was the first that had ever been made against her. Defendant was admitted to be a corporation organized under the laws of this state.

This ordinance conforms to the law for taxation of boats and vessels (R. S., p. 1360), and with the city charter (R. S., p. 1575), and has been adjudged valid in *Packet Co. v. St. Louis*, 100 U. S. 423, as to the right of the city to exact wharfage. The transportation company concedes the validity of the ordinance, but insists that three cents per ton, or $15.27, is the limit of its liability for wharfage on its barge. It is urged that the city demanded an extra two cents per ton as *penalty* for the failure to have the barge assessed for taxation. That, heeding the spirit and purpose of the ordinance, no penalty is in reality meant to be exacted for the failure to do what it was impossible to do. There is great force in this reasoning if we regard the difference between three cents per ton and five cents per ton as a penalty. In that view, it might well be urged that the provision was not intended to apply, and does not apply, to the

160     SUPREME COURT OF MISSOURI,

The City of St. Louis v The St. L. & N. O. Trans. Co.

case of one who did not have his boat assessed because it was not in existence when the assessments were made. By the ordinance, certain water crafts are held liable for wharfage at the rate of three cents per ton, and another class is required to pay five cents per ton. When a bill was to be made out against this barge, the first thing to determine was its class, was it of those liable to the lower rate, or of the class that must pay the higher rate? Not of those that pay the lower rate, because not returned and assessed for taxation, as all boats must be to fall into that class. The imposition of the five cent per ton wharfage rate then follows, because the barge is found to be of the class that must pay at that rate. There is no *adding* to, no increase of, the three cent rate. That rate does not apply to the class to which, by undisputed facts, this barge belongs. There is no penalty, no increase, merely a classification. So if a boat be not owned by a resident of St. Louis, the *fact* that it is not so owned, fixes its class. It is not material *why* the owner is not a resident of St. Louis, the fact that he is not is enough.

The evident purpose of the classification made by this ordinance is to make all boats contribute with approximate equality to the city's revenues, since all equally enjoy the privileges afforded by its improved wharf. Those not assessed for taxation are required to pay a higher rate of wharfage than those that are assessed; and thus it is sought to do justice between them. The ordinance, as to the classification it makes, rests, I think, on the just principle that with equality of benefits should go equality of burdens. The company's officer, in arguing with himself and with the harbormaster, that his barge could not have been put into the one class, did not observe that upon his own theory, it must have fallen into the other class.

The judgment of the court of appeals, being based upon a correct application of the law to the admitted facts of the case ought to be affirmed. All concur.